**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| UTHAIWAN WONG-OPASI, PH.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.  3:05-0697 |
| | ) | Judge Trauger |
| MTSU, et al., | ) | Magistrate Judge Griffin |
| Defendant. | ) | |

**MEMORANDUM and ORDER**

Having failed to file timely objections to the Report and Recommendation (Docket No. 4), the *pro se* plaintiff has now filed a Motion for Reconsideration (Docket No. 7) of this court's Order that accepted the Report and Recommendation and dismissed from this case certain individual defendants (Docket No. 5).

The Court of Appeals for the Sixth Circuit has observed that the "Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders" but has provided that "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, No. 02-5601, 2004 WL 237651, at *8 (6th Cir. Feb. 6, 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."  *Id*. (citing *Reich v. Hall Holding Co*., 990 F.Supp. 955, 965 (N.D. Ohio 1998).

The plaintiff argues that it was improper for the court, on its own, to dismiss the

1

individual defendants from this case for failure to state a claim, when these defendants had not yet been served and did not file their own motions to dismiss. The plaintiff is in error that this was an improper action on the part of the court.

28 U.S.C. § 1915(e)(2) provides as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A)    the allegation of poverty is untrue; or

    (B)    the action or appeal–

        (i)  is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

This provision requires the court to dismiss claims that come within the parameters of the statute without a motion being filed. *Sullivan v. Ford*, 828 F. Supp. 480 (E.D. Mich. 1993). And this power is vested in the court for all *in forma pauperis* actions, whether brought by prisoners or private individuals. *Floyd v. U. S. Postal Service*, 105 F.3d 274 (6th Cir. 1997).

The Magistrate Judge recommended the dismissal of the individual defendants because individuals cannot be found personally liable under either Title VII or the Age Discrimination in Employment Act. (Docket No. 4 at 2) That is an accurate legal proposition, and the dismissal of the individual defendants under 28 U.S.C. § 1915(e) for failure to state claim on which relief may be granted was appropriate.

The plaintiff's motion does not establish a need to correct a clear error or prevent manifest injustice, the only possible permissible ground for her motion to reconsider. Therefore,

2

for the reasons expressed herein, the plaintiff's Motion for Reconsideration (Docket No. 7) is

**DENIED**.

It is so **ORDERED.**

Enter this 16th day of December 2005.

ALETA A. TRAUGER
U.S. District Judge

3