IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UTHAIWAN WONG-OPASI | ) | |
| | ) | |
| v. | ) | NO. 3:05-0697 |
| | ) | |
| MTSU, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

This action has been referred to the Magistrate Judge for pretrial proceedings. See Order entered September 21, 2005 (Docket Entry No. 2).

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 15) of defendant Middle Tennessee State University. The plaintiff has not filed a response in opposition to the motion. For the reasons set out below, the Court recommends that the motion be granted in part and denied in part.

## I. BACKGROUND

The plaintiff is a former employee of Middle Tennessee State University ("MTSU") where she worked as an assistant professor teaching Spanish during the 2003-2004 academic school year. She was not rehired for the position for the 2004-2005 academic school year.

The plaintiff alleges that her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. were violated because she was discriminated against on account of her

race, age, sex, religion, and national origin. Specifically, she alleges that she was hired at a lower rank and salary than other similarly situated employees and that her requests to have her rank and salary adjusted after she had begun her employment were denied. She further alleges that she suffered discrimination and retaliation when she was not rehired for the position despite being more qualified than three individuals who were hired.

On August 15, 2005, the plaintiff initiated this lawsuit pro se by filing a complaint seeking damages and an application to proceed in forma pauperis. Although the application to proceed in forma pauperis was initially denied, the Court reconsidered the denial upon the plaintiff's motion to reconsider and the plaintiff's application to proceed in forma pauperis was granted and the Clerk was directed to file her complaint by Order entered September 8, 2005. See Order entered September 8, 2005, in 3:05-mc-0078.

By Order entered December 5, 2005 (Docket Entry No. 5), process was ordered to issue to MTSU on the plaintiff's claims but her claims against Sidney McPhee, Kaylene Gebert, Deborah Mistron, Nuria Novell, and unnamed members of the 2004-05 Spanish faculty search committee were dismissed. MTSU filed an answer (Docket Entry No. 13) to the complaint, and there after filed the pending Motion to Dismiss.

By its Motion to Dismiss, the defendant argues that the plaintiff's Title VII claims warrant dismissal because they are time-barred. The defendant contends that the Court lacks subject matter jurisdiction to adjudicate the plaintiff's claims under the ADEA.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss, the Court will accept as true the facts as the plaintiff has pleaded them. Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002); Performance Contracting, Inc. v. Seaboard Surety Co., 163 F.3d 366, 369 (6th Cir. 1998). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Performance Contracting, 163 F.3d at 369.

The Court will not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Myers v. United States, 636 F.2d 166, 168-69 (6th Cir. 1981) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Although matters outside the pleadings are generally not to be considered by the Court in ruling on a motion to dismiss, the Court may consider documents that a defendant attaches to a motion to dismiss if such documents are referred to in the plaintiff's complaint and are central to her claim. See Weiner v. Klais and Co., Inc., 108 F.3d 86, 88-89 (6th Cir. 1997). Accordingly, the Court may appropriately consider the charge of discrimination attached to the defendant's motion as Exhibit No. 1.

## III. CONCLUSIONS

A. Title VII

The defendant's first argument for dismissal is that the plaintiff failed to timely pursue a claim based upon her initial hiring because she did not initiate an administrative complaint within 300 days of the alleged unlawful event. The defendant contends that the plaintiff did not file a charge of discrimination until September 13, 2004, yet the circumstances under which she was hired

and which she complains were unlawful arose when she was hired on August 28, 2003. See Exhibit 1 to Memorandum in Support (Docket Entry No. 16).

The timely filing of an EEOC charge of discrimination is a prerequisite to a Title VII suit. See 42 U.S.C. § 2000e-5(e)-(f); Puckett v. Tennessee Eastman Company, 889 F.2d 1481, 1486-88 (6th Cir. 1989). A party must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory practice. See 42 U.S.C. § 2000e-5(e); Amani v. Oberlin College, 259 F.3d 493, 498-99 (6th Cir. 2001).[1] Claims that are not initially presented to the EEOC are generally foreclosed from being brought in a subsequent Title VII lawsuit. Haithcock v. Frank, 958 F.2d 671, 675 (6th Cir. 1992).

In the instant case, it is apparent that the plaintiff's charge of discrimination was filed more than 300 days after she was hired on August 28, 2003. Any claims based upon the initial hiring are thus untimely and should be dismissed.

The defendant's second argument is that the remaining Title VII claims made by the plaintiff were untimely filed because the instant action was not brought within 90 days of the plaintiff's receipt of the EEOC right-to-sue letter. The defendant contends that the right-to-sue letter was mailed on May 17, 2005, and that the plaintiff had until August 23, 2005, to file a lawsuit based upon her Title VII claims.[2] The defendant argues that the instant action was not filed until September 8, 2005, and is thus untimely.

---

[1] Because Tennessee is a "deferral state" for the purposes of federal discrimination statutes, the plaintiff is permitted 300 days within which to file a charge of discrimination. See Weigel v. Baptist Hosp. of E. Tenn., 302 F.3d 367, 375-76 (6th Cir. 2002).

[2] The complaint does not state when the plaintiff received the right-to-sue letter. Thus, the defendant calculated when the 90 day period began to run by taking into account a five day grace period for the mailing of the letter and an additional three days as provided by Rule 6(e) of the Federal Rules of Civil Procedure.

The defendant's argument fails to support dismissal of the remaining Title VII claims because the instant action is deemed "filed" for the purposes of determining the timeliness of the complaint prior to September 8, 2005, the date on which the complaint was file stamped. As already noted herein,[3] the Court received the plaintiff's complaint and an application to proceed in forma pauperis on August 15, 2005. Under Sixth Circuit law, the Complaint is considered timely filed on the day of its receipt by the Clerk, even if, as in this case, the IFP application was approved at a later date and the Complaint was formally filed after the Court granted the IFP application. Dean v. Veterans Admin. Regional Office, 943 F.2d 667, 671 (6th Cir. 1991), vacated and remanded on other grounds, 503 U.S. 902 (1992); Scott v. Evans, 116 Fed.Appx. 699, 701 (6th Cir. 2004) (citing Dean for same proposition). See also Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998) (The 90 day period is tolled while the application to proceed in forma pauperis is being considered). Accordingly, the instant action was filed within 90 days of the plaintiff's receipt of the EEOC right to sue letter.

B. ADEA

The defendant argues that the Court lacks subject matter jurisdiction to consider the plaintiff's ADEA claim. The Court notes that when a defendant raises the issue of lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. DXL, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004); Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990). The plaintiff in the instant action has not

---

[3] In the Report and Recommendation entered November 10, 2005, the Court specifically noted this fact to alert the defendant in hopes that the defendant would realize that there would be no basis to move to dismiss on this ground. See Docket Entry No. 4 at n.1.

responded to the defendant's motion and shown that the Court has subject matter jurisdiction over her ADEA claims.

Turning to the merits of the defendant's argument, the Court agrees with the defendant that the plaintiff's ADEA claims should be dismissed. The Eleventh Amendment prohibits nonconsenting states from being sued by private individuals in federal court. See Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). This protection from suit exists unless the United States Congress has validly abrogated the immunity or the state has waived its sovereign immunity and consented to suit. See College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). A state agency is as protected by the state's sovereign immunity as the state itself. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). A state educational institution such as MTSU is entitled to the protection of sovereign immunity. See Kompara v. Board of Regents of the State Univ., 548 F. Supp. 537, 542 (M.D. Tenn. 1982); Boyd v. Tennessee State University, 848 F. Supp. 111, 114-15 (M.D. Tenn. 1994); Stefanovic v. University of Tennessee, 935 F. Supp. 944, 946 (E.D. Tenn. 1996).

By statute, the State of Tennessee has expressly preserved its sovereign immunity. See Tenn. Code Ann. § 20-13-102. Further, the State of Tennessee has not consented to being sued, except for claims arising under Title VII, for employment discrimination claims brought under various statues. See Boyd, 848 F.Supp. at 114; Stefanovic, 935 F.Supp. at 947; Fitten v. Chattanooga-Hamilton County Hosp. Authority, 2002 WL 32059748 (E.D.Tenn., October 21, 2002). Moreover, the United States Supreme Court has found that the ADEA does not validly abrogate the states' sovereign immunity from suits brought by private individuals under the ADEA. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); Coger v. Board of

Regents of Tenn., 209 F.3d 485, 486 (6th Cir. 2000). The Kimel holding strips this Court's jurisdiction to hear the plaintiff's ADEA suit against MTSU. Accordingly, the plaintiff's ADEA claims must be dismissed.

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that:

1) the motion to dismiss of defendant Middle Tennessee State University (Docket Entry No. 15) be GRANTED IN PART;

2) the plaintiff's claims under the Age Discrimination in Employment Act be DISMISSED for lack of subject matter jurisdiction;

3) the claims under Title VII based upon the August 28, 2003, hiring, and any claims arising before November 17, 2003, be DISMISSED as untimely; and

4) the motion to dismiss be DENIED in all other respects.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                       Respectfully submitted,

                                       JULIET GRIFFIN
                                       United States Magistrate Judge