IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UTHAIWAN WONG-OPASI, PH.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:05-0697 |
| ) | Judge Trauger |
| MTSU, et al., ) | Magistrate Judge Griffin |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

On December 8, 2006, the Magistrate Judge issued a Report and Recommendation (Docket No. 19), recommending that defendant Middle Tennessee State University's Motion to Dismiss be granted in part and denied in part. The plaintiff has filed timely Objections, which relate not only to the recent Report and Recommendation but which attempt to reach back to earlier decisions in this case. (Docket No. 21) The court will deal only with the objections that relate to the pending Report and Recommendation. The plaintiff has supported her Objections with her Affidavit. (Docket No. 22)

This court must "make a *de novo* determination of those portions of the report and specified proposed finding or recommendations to which objection is made." This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); *see also* Rule 72(b), FED.R.CIV.P.

The plaintiff objects to the recommended ruling, in part, because "the defendants unfairly and unethically took advantage of her temporary absence due to rehabilitation for her disability by filing . . . a Motion to Dismiss . . . ." (Docket No. 21 at 2) Although the plaintiff never

1

responded to the Motion to Dismiss, the Magistrate Judge correctly analyzed the motion on the merits, taking into account possible arguments that might have been made by the plaintiff, had she chosen to respond. Moreover, her claim of unfairness here is misplaced. It is true that, on December 13, 2005, the plaintiff filed something called a "Notice of Temporary Absence" (Docket No. 9), in which she claimed that she would be "out of jurisdiction" from December 13, 2005 for a "temporary" absence "due to rehabilitation, which may take up to one and a half months." Therefore, even if this court recognized such a filing (which it does not), her claimed inability to participate in this lawsuit would have expired by the beginning of February 2006. Despite her claim, however, the plaintiff filed a Notice of Appeal from a ruling in this case on January 17, 2006 (Docket No. 14) and a Notice with regard to her pauper status on February 24, 2006 (Docket No. 17). This last filing was made some 11 days after the instant Motion to Dismiss (Docket No. 15) was filed on February 13, 2006. It is apparent to the court that this plaintiff absences herself from the proceedings when it suits her purposes and reappears when that suits her purposes.

Next, the plaintiff objects to the Magistrate Judge's recommendation that her Title VII claim, as it relates to her hiring on August 28, 2003, be dismissed as untimely by invoking the continuing violation doctrine. This argument is without merit, as a hiring is a single act that cannot be a continuing violation. The Magistrate Judge has recommended that the plaintiff's Title VII claims that arise after November 17, 2003 survive the Motion to Dismiss and go forward, and that is the correct ruling.

The last objection relating to this Report and Recommendation maintains that this court does have jurisdiction over her Age Discrimination in Employment Act ("ADEA") claims. This

2

Case 3:05-cv-00697   Document 23   Filed 01/08/07   Page 2 of 3 PageID #: 75

objection is without merit. Under the extensive caselaw set out in the Report and Recommendation (Docket No. 19 at 5-7), the Magistrate Judge's conclusion that this claim should be dismissed was correct.

For the reasons set out herein, the Objections filed by the plaintiff (Docket No. 21) are **OVERRULED**. The Report and Recommendation (Docket No. 19) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby **ORDERED** that the Motion to Dismiss filed by defendant Middle Tennessee State University (Docket No. 15) is **GRANTED IN PART AND DENIED IN PART**. The plaintiff's claims under the Age Discrimination in Employment Act are **DISMISSED** for lack of subject matter jurisdiction. The plaintiff's claims under Title VII based upon her August 28, 2003 hiring and any claims arising before November 17, 2003 are **DISMISSED** as untimely. The Motion to Dismiss is **DENIED** in all other respects, and the remaining claims of the plaintiff shall go forward.

It is further **ORDERED** that this case is **REFERRED** back to the Magistrate Judge for further handling under the original referral Order.

It is so **ORDERED.**

Enter this 8th day of January 2007.

_____
ALETA A. TRAUGER
U.S. District Judge

3

Case 3:05-cv-00697   Document 23   Filed 01/08/07   Page 3 of 3 PageID #: 76