IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UTHAIWAN WONG-OPASI | ) | |
| | ) | |
| v. | ) | NO. 3:05-0697 |
| | ) | |
| MIDDLE TENNESSEE STATE UNIVERSITY | ) ) | |

TO:  Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This action has been referred to the Magistrate Judge for pretrial proceedings. See Order entered September 21, 2005 (Docket Entry No. 2).

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 44) filed by defendant Middle Tennessee State University. The plaintiff has not filed a response in opposition to the motion. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND

The plaintiff is a former employee of Middle Tennessee State University ("MTSU") where she worked as an assistant professor teaching Spanish during the 2003-2004 academic school year. She was not rehired for the position for the 2004-2005 academic school year.

In her complaint, the plaintiff alleges that her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. §§ 621, et seq. were violated because she was discriminated against on account of her race, age, sex, religion, and national origin.

By Order entered December 5, 2005 (Docket Entry No. 5), process was issued to MTSU on the plaintiff's claims but her claims against individually named defendants were dismissed. The plaintiff appealed to the Sixth Circuit Court of Appeals from the December 5, 2005, Order but her appeal was dismissed because the Order was not a final judgment. See Docket Entry No. 20.

By Order entered January 8, 2007 (Docket Entry No. 23), the Court dismissed the plaintiff's claims under the ADEA for lack of subject matter jurisdiction and dismissed as untimely the plaintiff's Title VII claim based upon her August 28, 2003, hiring and any claims arising before November 17, 2003.

A scheduling order (Docket Entry No. 26) was entered setting out deadlines for pretrial activity. By Order entered March 14, 2007 (Docket Entry No. 36), the action was set for a pretrial conference on November 6, 2007, and a jury trial on December 4, 2007.

## II. MOTION TO DISMISS

The defendant moves to dismiss the lawsuit with prejudice under Rule 37 of the Federal Rules of Civil Procedure because of the plaintiff's failure to prosecute the action and engage in discovery as evidenced by her failure to appear at her properly noticed deposition and her failure to respond to interrogatories and requests for production of documents that were served upon her on April 27, 2007.

The defendant asserts that the plaintiff's deposition was noticed for May 29, 2007, but that the plaintiff neither appeared for her deposition nor contacted the defendant prior to the deposition

to reschedule the deposition or alert the defendant that she would not attend.[1] The defendant states that, after the plaintiff failed to appear at the deposition, it sent the plaintiff a letter informing her that the Defendant intended to seek dismissal of the action and costs if the plaintiff did not contact the defendant by June 4, 2007. See Exhibit A to Docket Entry No. 41. The letter also alerted the plaintiff to the outstanding written discovery requests. The defendant asserts that the plaintiff did not respond to the letter.

### III. CONCLUSIONS

Rule 37(d) of the Federal Rule of Civil Procedure provides that a court may make such orders "as are just" when a party fails to appear for a properly noticed deposition, fails to serve answers or objections to interrogatories submitted under Rule 33 of the Federal Rules of Civil Procedure, or fails to serve written responses to requests for production of documents under Rule 34 of the Federal Rules of Civil Procedure. The Court may impose as sanctions any action authorized under Rule 37(b)(2)(A), (B), or (C). Subsection (C) authorizes as a sanction:

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 37(b)(2)(C). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the court based on the facts of each particular case. See National Hockey League v.

---

[1] The defendant gave the plaintiff every opportunity to reschedule the May 29, 2007, deposition, if that date was inconvenient for the plaintiff. See Exhibit 2 to Docket Entry No. 45. In the defendant's May 17, 2007, letter, the defendant's counsel also advised the plaintiff of sanctions that could be imposed if she failed to appear at her deposition, and went so far as to attach a copy of Rule 37 of the Federal Rules of Civil Procedure. See id.

3

Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988).

It is also well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's conduct warrants dismissal of the action under Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure. The plaintiff has not responded to written discovery requests, filed objections thereto, or given any reason for ignoring the defendant's written discovery requests. The plaintiff also failed to appear for her properly noticed and scheduled deposition and has not provided any excuse for her failure to appear at her deposition. The Plaintiff has not responded in any manner to the defendant's motion to dismiss,[2] and the record in this action reveals that copies of several orders sent to the plaintiff have been returned unclaimed. See Docket Entry Nos. 24, 25, 33, 34, and 37.

The plaintiff has, however, clearly received at least some orders from the Court since she filed objections (Docket Entry Nos. 21-22) to a prior Report and Recommendation, filed a motion to compel compliance (Docket Entry No. 29) after receipt of the February 15, 2007, Order (Docket Entry No. 27), and filed a motion and affidavit (Docket Entry Nos. 38-39) after receipt of the Order

---

[2] By Order entered February 15, 2007 (Docket Entry No. 28), the plaintiff was directed to respond to any dispositive motion to dismiss or for summary judgment within 20 days of the filing of the motion. In that Order, the plaintiff was specifically forewarned that her failure to respond as directed could result in the dismissal of her case. See n.2 infra.

4

entered March 14, 2007 (Docket Entry No. 35).³ Since May 25, 2007, however, the plaintiff has made no filings in this case.

Because of Plaintiff's conduct, discovery in this case has effectively stopped and the case is not ready for the trial scheduled on December 4, 2007. The defendant has been prejudiced by being unable to resolve the claims brought against it and by being required to address the impasse in discovery caused by the plaintiff.

The action should be dismissed with prejudice due to the plaintiff's willfulness and fault in failing to engage in discovery. The plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion and appears to believe that she is free to litigate upon her own terms and whims. Dismissal of the action with prejudice is appropriate in light of the plaintiff's lack of interest in the action, the hardship it would cause the defendant to face the prospect of defending a future action based on allegations which it has attempted to defend against in this action, the impasse in discovery caused by the plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and the defendant caused by the plaintiff's conduct.⁴

---

³ The certified mail sent to the plaintiff enclosing the February 15, 2007, Order was returned by the Postal Service as unclaimed, see Docket Entry No. 34, but it is clear that the plaintiff did, in fact, receive that Order. Similarly, the certified mail sent to the plaintiff enclosing the March 14, 2007, Order was returned by the Postal Service as unclaimed, see Docket Entry No. 37, but it is clear that the plaintiff did, in fact, receive that Order.

⁴ At least two other lawsuits filed by the plaintiff in the Middle District have also been dismissed for failure to prosecute. See Wong-Opasi v. ITT Educational Service, No. 3:05-0494 (dismissed by Order entered February 15, 2007), and Wong-Opasi v. Holland Employment, No. 3:05-0482 (dismissed by Order entered April 12, 2006).

5

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 44) filed by Middle Tennessee State University be GRANTED and this action be DISMISSED with prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

6

Case 3:05-cv-00697   Document 47   Filed 10/22/07   Page 6 of 6 PageID #: 172